IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH,<br>    *Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, et al. STEVEN C. MCCRAW, in his official capacity as Director and Colonel of the Texas Department of Public Safety, AMANDA CRAWFORD, in her official capacity as Executive Director of the Texas Department of Information Resources and Chief Information Officer of Texas, DALE RICHARDSON, in his official capacity as Chief Operations Officer of the Texas Department of Information Resources, ASHOK MAGO, LAURA WRIGHT, LINDY RYDMAN, CARLOS MUNGUIA, MARY DENNY, MILTON B. LEE, MELISA DENIS, DANIEL FEEHAN, and JOHN SCOTT, JR., in their official capacities as members of the Board of Regents of the University of North Texas System, and MICHAEL WILLIAMS, in his official capacity as Chancellor of the University of North Texas System,<br>    *Defendants*. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§ | No. 1:23-cv-00783 |

## DEFENDANTS' OPPOSED MOTION TO STAY

| | |
|---|---|
| Angela Colmenero<br>Provisional Attorney General of Texas | Kimberly Gdula<br>Deputy Chief, General Litigation Division |
| Brent Webster<br>First Assistant Attorney General | Ryan Kercher<br>Deputy Chief, General Litigation Division |
| Grant Dorfman<br>Deputy First Assistant Attorney General | Todd A. Dickerson<br>Attorney-in-Charge |

| | |
|---|---|
| James Lloyd<br>Interim Deputy Attorney General for Civil Litigation | Assistant Attorney General<br>Texas Bar No. 24118368<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 463-2120 \| FAX: (512) 320-0667<br>Todd.Dickerson@oag.texas.gov<br>**Counsel for Defendants** |

**INTRODUCTION**

The United States government (both the Trump and Biden Administrations), 36 states, and 14 other countries have banned TikTok on government devices due to it being a national security threat.[1] One of the main concerns is that the Chinese Communist Party ("CCP") can exploit its deep ties to TikTok to access the extensive data this social media platform collects on its American users.[2] This is not mere conjecture. Chinese law *requires* TikTok to hand over this sensitive information upon request.[3] And TikTok, through its parent company ByteDance, has used this data to spy on U.S. journalists in the past.[4] Put simply, there are good reasons governments around the world are restricting access to TikTok.

Coalition for Independent Technology Research sued Texas over its partial TikTok ban, which restricts access to TikTok on state-owned devices and personal devices used on state-owned networks. Coalition claims that Texas's partial ban violates the First Amendment, even though it is practically indistinguishable from those passed by many other government entities. Coalition's claims are baseless, and no court has ever invalidated a partial TikTok ban such as Texas's.

Coalition has the right to file a lawsuit challenging Texas's ban. But it doesn't have the right to obtain emergency relief—as requested in its recent motion for a preliminary injunction[5]—before this Court decides Texas's pending Rule 12(b)(1) and 12(b)(6) motion to dismiss.[6] And to be clear, there is no emergency here. Coalition waited 218 days after Texas initially passed its TikTok ban to file this lawsuit,[7] and then it waited another 56 days to pursue "emergency" relief.[8] After spending

---

[1] ECF 21, 14–15.
[2] *Id.* at 11–15.
[3] *Id.* at 12–13.
[4] *Id.* at 13–14.
[5] ECF 20.
[6] ECF 21.
[7] *See* ECF 1 (containing Coalition's July 13, 2023 complaint); ECF 1-2 (containing Governor Abbott's December 7, 2022 directive that partially banned TikTok).
[8] *See* ECF 1; ECF 20.

months getting its ducks in a row, Coalition only now acts as if the matter is urgent, and it has tactically refused to give Defendants anything more than a short extension (approximately two extra weeks) to respond to its evidence-based motion for injunctive relief. The security and privacy stakes for the state government are too high to reward such gamesmanship, especially since even a temporary injunction could leave Texas vulnerable to CCP-sponsored cyberattacks.

For these reasons and others discussed below, Defendants ask this Court to stay this case pending the resolution of their motion to dismiss. If rejected, Defendants ask in the alternative for a 56-day extension to their deadline to file a response to Coalition's motion for a preliminary injunction. Defendants ask for 56 days as this is the amount of time Coalition spent preparing its motion for a preliminary injunction after filing this lawsuit.

## BACKGROUND

The key facts are as follows:

(1) Like many other government entities, Texas banned TikTok on state-owned devices and networks;

(2) Texas and these other government entities partially banned TikTok as it is a national security threat due to its ties to the CCP;

(3) numerous media reports confirm that TikTok poses a significant threat to United States' interests;

(4) Texas's partial ban is practically indistinguishable from those imposed by other government entities;

(5) Texans remain free to access TikTok on personal devices, so long as those devices are not used to connect to state networks;

(6) The statutes and policies underlying Texas's ban specify that each state agency is responsible for enforcing the ban at their respective agencies;

(7) Coalition challenges Texas's ban only as applied to public university faculty; and

(8) Coalition did not allege that it has members at any Texas university other than the University of North Texas System ("UNT"), nor did it sue officials from any university other than UNT.

For more information about these and other background issues, see Defendants' motion to dismiss (ECF 21), pgs. 11–16.

## ARGUMENT

This Court should stay this case pending the resolution of Defendants' motion to dismiss for three main reasons. First, Coalition's claims against 13 of the 14 Defendants are barred by sovereign immunity as they are not the appointed officials tasked with enforcing Texas's partial TikTok ban at public universities.[9] Only UNT System Chancellor Michael Williams is a proper defendant here. Per the Fifth Circuit, when sovereign immunity is asserted at "the Rule 12(b)(1) stage," the lawsuit stops, and the plaintiffs "don't pass go."[10] This "immunity from suit" protects Defendants from having to engage in a time-consuming, evidence-heavy preliminary injunction proceeding while they have unresolved immunity claims before this Court.[11]

Second, Article III standing, which is a "threshold issue,"[12] is also a problem here. A glaring discrepancy exists between the scope of Coalition's requested relief and the officials it sued. Coalition seeks to invalidate the partial TikTok ban as implemented at all Texas public universities. Yet it did not sue officials at Texas universities other than UNT, and it did not allege that it has members at Texas universities other than UNT, so it lacks standing to challenge any Texas universities' TikTok bans other than UNT's.[13] This defect also creates due process issues. These other universities risk having their TikTok policies invalidated without notice and an opportunity to be heard, as they are not named parties to this lawsuit. Further, due to the above-noted discrepancy, it is unclear whether Defendants need to defend the ban as implemented at *all* Texas public universities or just UNT. These other universities may have system vulnerabilities, access to military secrets, sensitive or proprietary research, or other unique issues that make them particularly susceptible to a CCP-sponsored cyberattack. Defendants simply don't know because they don't represent these other universities here,

---

[9] ECF 21, 17–20.
[10] *Russell v. Jones*, 49 F.4th 507, 514–15 (5th Cir. 2022).
[11] *See id.*
[12] *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013).
[13] ECF 21, 19–20.

3

as they are not named in this lawsuit. And a mistake on this point that leads to a significant data breach would be impossible to fix after the fact.

Finally, judicial economy is best served by a stay. Forcing the parties, and this Court, to endure a preliminary injunction proceeding makes little sense given that Coalition failed to plead a plausible First Amendment claim. Every court to consider the issue (including the Supreme Court in *United States v. American Library Association Inc.*)[14] has found that state networks and devices are nonpublic forums.[15] Precedent is clear, Texas's partial TikTok ban need only be "reasonable" to be constitutional. This light standard is easily satisfied by the consensus of government responses on the TikTok issue, media reports showing the dangers of TikTok due to its ties to the CCP, and other factors noted in Defendants' motion to dismiss.[16]

Coalition argues otherwise only because it overlooked binding precedent. Coalition likens Texas's partial ban to a prior restraint on speech, and thus it asks this Court to apply a higher level of constitutional scrutiny known as "*NTEU*" scrutiny.[17]

Coalition missed that prior restraints *in nonpublic forums* are still subject only to a "reasonableness" review.[18] Thus, in *Freedom From Religion Foundation v. Abbott*, which involved a prior restraint in a nonpublic forum, the Fifth Circuit applied the lower "reasonableness" standard, as opposed to something resembling strict scrutiny.[19] The reasoning is simple. Nonpublic forums exist only when the government places limits in advance on what or where speech can occur on government

---

[14] 539 U.S. 194, 206–07 (2003).
[15] ECF 21, 21–24.
[16] *Id.* at 24–29.
[17] ECF 20, 10–24.
[18] *Perry v. McDonald*, 280 F.3d 159, 171 (2d Cir. 2001) ("Prior restraints in a nonpublic forum have been upheld as long as they were reasonable and viewpoint-neutral.") (citing *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 813 (1985)); *Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 749 (7th Cir. 1999) ("[A] prior restraint on speech in a non-public forum at a school is constitutional if reasonably related to legitimate pedagogical goals. . . . [E]ven in cases of a prior restraint on speech, the context in which the restriction occurs can affect the level of scrutiny applied.").
[19] 955 F.3d 417, 429 (5th Cir. 2020); *see also Catholic Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 438–39 (5th Cir. 2014) ("[J]udicial decisions analyzing prior restraints have applied different standards of review depending on the restraint at issue.").

property. Considering every such limit to be a "prior restraint" would eviscerate decades of Supreme Court precedent (1) distinguishing between public and nonpublic forums and (2) applying lighter scrutiny to the latter.[20]

Another problem is this case involves *access*, not *speech*, and "[t]he right of access does not enjoy the broad protections offered to the right of free speech."[21] For instance, in *Seattle Times Co. v. Rhinehart*,[22] the Supreme Court assessed the constitutionality of a protective order "that both granted [a litigant] access to that information and placed restraints on the way in which the information might be used."[23] The Court noted that the restriction was not the "classic" type of prior restraint "that requires exacting First Amendment scrutiny."[24] The Court found that the protective order was constitutional, largely because the litigant was free to "disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes."[25] So too here. Coalition's members can access TikTok, conduct research on TikTok, and review scholarship on TikTok whenever they want, so long as they do so on anything other than the state's networks or devices. And the fact that they remain free to say *anything* they want on or about TikTok means that Texas's partial ban burdens First Amendment rights even less than the restriction upheld in *Seattle Times*.

Coalition's "interests" analysis is also flawed. Coalition applies the balancing test designed mainly for First Amendment retaliation claims in the government employment context.[26] This test is a bad fit here as Texas's ban is not limited to employees (it bars *anyone* from accessing TikTok on state networks, such as university students).[27] And the ban leaves state employees free to say anything they

---

[20] *See, e.g.*, *Perry*, 280 F.3d at 171.
[21] *Matter of Subpoena 2018R00776*, 947 F.3d 148, 155–56 (3d Cir. 2020).
[22] 467 U.S. 20 (1984).
[23] *Id.* at 32.
[24] *Id,* at 33.
[25] *Id.* at 34.
[26] *See* ECF 20, 10–23.
[27] *Id.* at 15–16.

5

want on or about TikTok, in stark contrast to the normal First Amendment employment case where the government is retaliating against an employee for his or her speech on a particular issue.

Regardless, even if an employment-based First Amendment test applies, Coalition still loses. For one thing, as Defendants explained in their motion to dismiss, Texas's partial TikTok ban survives the generally applicable forum analysis. This means the ban *must* survive constitutional scrutiny under an employment-based test, as binding precedent shows that "[a] government entity has broader discretion to restrict speech when it acts in its role as employer."[28] Put differently, that a government workplace is implicated *lessens*, not *raises*, the government's burden in this context.[29] Thus, an employment-based analysis cannot save Coalition here.

What's more, Texas's asserted interests for its partial ban—public safety, privacy, and security[30]—fit comfortably within the First Amendment employment test. Any different conclusion would lead to absurd results. CIA and NSA employees could not be stopped from using potentially harmful software (like TikTok), as national security would no longer be a viable government interest in the employment context. U.S. Social Security Administration employees could not be barred from disclosing individuals' social security numbers to the world, as the federal government would be powerless to restrict employee speech due to privacy concerns. And so on.

Further, the Supreme Court has recognized the "effective functioning of the public employer's enterprise" as a viable government interest in the employment context.[31] This category is broad enough to encompass well-recognized interests such as the ones Texas asserts here.[32] And Coalition's core argument on this point—that national security, public safety, and privacy are no longer valid

---

[28] *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *see also Waters v. Churchill*, 511 U.S. 661, 671–72 (1994) ("[W]e have always assumed that its premise is correct—that the government as employer indeed has far broader powers than does the government as sovereign.").
[29] *See* ECF 21, 23.
[30] *Id.* at 27.
[31] *Rankin v. McPherson*, 483 U.S. 378, 388 (1987).
[32] *See, e.g.*, *United States v. Wallington*, 889 F.2d 573, 578–79 (5th Cir. 1989) (finding that "[p]reserving the confidentiality of government records and reports" is a valid government interest in the employment context).

government interests in the employment free speech context—borders on the absurd.

Coalition's argument on the "privacy" issue is particularly confusing. Coalition effectively contends that everyone's personal data has already been stolen, so governments should stop trying to prevent the theft of personal data.[33] Defendants have a different opinion: Governments should not raise the white flag and subject adult citizens, their children, and future generations to a lifetime of privacy invasions and data theft.

Equally puzzling, Coalition *admits* that Americans' personal data has "significant intelligence value" that can "easily" be exploited by "foreign adversaries."[34] If so, shouldn't governments try to stop the CCP, a foreign adversary, from nefariously accessing the "significant intelligence" data TikTok maintains on over a hundred million American users? One would think, especially when this data includes users' passwords, secret messages, financial information, and anything else that could be grabbed via TikTok's unusual "keylogging" feature.[35]

The dangers from TikTok are real—the actions of many states and countries that have partially banned this application prove that point better than words ever could. While Coalition believes that *all* these governments are wrong and acting unreasonably, it did not plead facts that plausibly support this conclusion. This Court should stay this case pending the resolution of Defendants' motion to dismiss.

At a minimum and in the alternative, this Court should extend Defendants' deadline to file a response to Coalition's motion for a preliminary injunction. Defendants ask for a 56-day extension, which would make their response due on November 16, 2023. This request is more than fair, as evidenced by the fact that Coalition needed 56 days to prepare its "emergency" motion after it initiated this lawsuit. This extension will also give Defendants enough time to make sure this Court has all the

---

[33] *See* ECF 20, 20–22.
[34] *Id.* at 21.
[35] *See id.* at 20–22. Coalition does not claim that data such as this is already commercially available.

necessary facts before deciding an important national security issue.

## CONCLUSION

For the reasons above, Defendants request that this Court stay this case pending resolution of their motion to dismiss. If the Court denies this request, Defendants ask that the Court give them until November 16, 2023, to file a response to Coalition's motion for a preliminary injunction.

On September 9, 2023, I conferred in good faith with Coalition's counsel about the relief requested here. Counsel advised that he was opposed because "of the ongoing implications of the ban for [his] clients."

Date: September 11, 2023              Respectfully Submitted.

ANGELA COLMENERO
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLYOD
Interim Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

*/s/ Todd Dickerson*
TODD A. DICKERSON
Attorney-in-Charge
Texas Bar No. 24118368
Todd.Dickerson@oag.texas.gov
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548-Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I certify that on September 11, 2023, a true and correct copy of the foregoing instrument has been served electronically through the electronic-filing manager to:

Peter B. Steffensen
SMU Dedman School of Law
First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275
(214) 768-4077
psteffensen@smu.edu

Jameel Jaffer
Ramya Krishnan
Stacy Livingston
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jameel.jaffer@knightcolumbia.org
ramya.krishnan@knightcolumbia.org
**COUNSEL FOR PLAINTIFF**

                */s/ Todd Dickerson*