UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-783 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY**

Plaintiff the Coalition for Independent Technology Research ("Coalition") respectfully urges the Court to deny Defendant's motion to stay, ECF No. 22, which asks the Court to defer consideration of Plaintiff's motion for a preliminary injunction, ECF No. 20, pending the Court's resolution of Defendant's motion to dismiss, ECF No. 21. Rather than stay the request for a preliminary injunction, the Court should do what courts routinely do in these circumstances—have the parties brief the motion for a preliminary injunction and the motion to dismiss in parallel, and on a briefing schedule that accounts for the fact that the first of these motions is a request for immediate relief.

Defendants' argument that the Court should stay the preliminary injunction motion is meritless. The Coalition's motion is predicated on sworn allegations that Texas's TikTok ban is causing the Coalition's members' injuries that are ongoing and irreparable. To stay or significantly delay the resolution of the Coalition's motion would defeat the whole purpose of Rule 65(a), which is to ensure that plaintiffs can obtain "quick" relief. *See Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987)*; see also Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir.

1985). And Defendants have not explained how the Court's prompt resolution of the Coalition's motion would prejudice them. Of course, there is a sense in which Defendants would be prejudiced by the entry of preliminary relief, but it hardly needs to be said that this is not the kind of prejudice that would justify a stay of the Coalition's request.

Defendants also argue that a stay of the preliminary injunction motion is necessary because some of them are immune from suit, and because the Coalition lacks standing to seek relief for public university faculty at universities other than the University of North Texas ("UNT"). ECF No. 22 at 3. Defendants' jurisdictional objections are misguided,[1] and (more to the point) these objections have no bearing at all on the question of whether the preliminary injunction motion should be stayed. All of the jurisdictional objections the Defendants identify can be raised in opposition to the Coalition's motion for preliminary relief. If the motion to dismiss is briefed in parallel with the preliminary injunction motion, the jurisdictional questions will be presented in the briefs relating to that motion as well. And no one is suggesting that the Court should reach the merits without first assuring itself of jurisdiction. If the parties brief the motions in parallel, and the Court addresses them together, the Court will surely address jurisdictional questions before it addresses the merits.[2]

---

[1] The Coalition will refrain from engaging with the Defendants' arguments about jurisdiction and the merits, since the Court does not need to address these to resolve the procedural question presented here. But one important factual mistake cannot be left uncorrected. Defendants say that the Coalition "did not allege that it has members at Texas universities other than UNT." ECF No. 22 at 3. In fact, the Coalition has alleged that "Texas's TikTok ban has imposed significant burdens on Coalition members at multiple public universities in Texas." Compl. ¶ 46, ECF No. 1; *see also* Zuckerman Decl. ¶ 28, ECF No. 20-1 ("[T]here are Coalition members at multiple universities in Texas whose research and teaching are burdened by the ban.").

[2] It is worth noting—even if this is not directly relevant to the procedural question now before the Court—that Defendants concede that the UNT Chancellor is a proper defendant, and that the Coalition has standing to seek relief for faculty at UNT. ECF No. 22 at 3; ECF No. 21 at 9–10. The Court will reach the merits, in other words, even if all of Defendants' Rule 12(b)(1) arguments are correct. And Defendants' Rule 12(b)(6) arguments are not likely to dispose of the case, either.

The case Defendants cite for the proposition that the Court is *required* to stay a motion for preliminary relief in these circumstances, ECF No. 22 at 3, says no such thing. That case, *Russell v. Jones*, 49 F.4th 507, 514–15 (5th Cir. 2022), was about discovery and has no application to the issues presented here. Indeed, it is routine for parties, in circumstances like these, to brief preliminary injunction motions and motions to dismiss in parallel. *See, e.g.*, *Fund Texas Choice v. Paxton*, No. 1:22-CV-859, 2023 WL 2558143 (W.D. Tex. Feb. 24, 2023) (resolving motion to dismiss on standing and sovereign immunity grounds and request for preliminary injunction together); *Amawi v. Pflugerville Indep. Sch. Dist.*, 373 F. Supp. 3d 717 (W.D. Tex. 2019) (same); *see also NetChoice, LLC v. Paxton*, 573 F. Supp. 3d 1092 (W.D. Tex. 2021) (resolving motion to dismiss for lack of standing and request for preliminary injunction together).

Finally, Defendants' alternative request that the Court afford them four times the period contemplated by the local rules to respond to the Coalition's motion should also be rejected. *See* Local Rule CV-7(d)(2). As an initial matter, it is not true that the Coalition was slow to file suit, or to move for preliminary relief. The Coalition commenced this suit four weeks after Texas codified its TikTok ban, *see* Compl. ¶ 39, ECF No. 1, and it filed its preliminary injunction motion—with four declarations, including two expert declarations—eight weeks after that, *see* ECF No. 20. While the Coalition does not oppose a modest extension of the time within which Defendants must oppose the preliminary injunction motion, the six-week extension that Defendants are requesting is totally inappropriate given that this is (again) a request for immediate relief predicated on allegations of irreparable injury, the Coalition has not sought discovery, and,

---

As courts have repeatedly recognized, it is "rarely, if ever, appropriate" to dismiss a First Amendment challenge at the pleading stage. *See, e.g.*, *Bruni v. City of Pittsburgh*, 824 F.3d 353, 357 (3d Cir. 2016) (noting that factual development is generally "indispensable to an assessment of whether [a challenged law] is constitutionally permissible"); *Cornelio v. Connecticut*, 32 F.4th 160, 173–74 (2d Cir. 2022) (same).

what's more, Defendants have already briefed most or all of the issues presented in this case in their motion to dismiss and eight-page motion for a stay.[3]

For all of these reasons, the Coalition urges the Court to deny Defendants' motion. Rather than stay the motion for a preliminary injunction, the Court should order the parties to brief that motion and the motion to dismiss in parallel, on a briefing schedule that accounts for the fact that the first of these motions is a request for immediate relief. The Coalition respectfully proposes that the Court order the following schedule, which contemplates that both parties will have four weeks in total to file opposition briefs and two weeks to file reply briefs:

1. Plaintiff to file its opposition to Defendants' motion to dismiss and Defendants to file their opposition to Plaintiff's motion for a preliminary injunction on October 5, 2023.

2. Plaintiff to file a reply in support of its motion for a preliminary injunction and Defendants to file a reply in support of their motion to dismiss on October 19, 2023.

Dated: September 13, 2023

/s/ *Peter B. Steffensen*
Peter B. Steffensen
Texas Bar No. 24106464
SMU Dedman School of Law First
  Amendment Clinic
P.O. Box 750116
Dallas, TX 75275
(214) 768-4077
psteffensen@smu.edu

Respectfully submitted,

/s/ *Jameel Jaffer*
Jameel Jaffer (*Pro Hac Vice*)
Ramya Krishnan (*Pro Hac Vice*)
Xiangnong Wang (*Pro Hac Vice*)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jameel.jaffer@knightcolumbia.org

*Counsel for Plaintiff*

---

[3] It is also open to the Court, of course, to stay Defendants' motion to dismiss pending its resolution of the Coalition's request for a preliminary injunction. Indeed, because the issues overlap so significantly—indeed, almost totally—there is a good argument that proceeding this way would be most efficient.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Todd A. Dickerson

Office of the Attorney General of Texas

P.O. Box 12548-Capitol Station

Austin, TX 78701

Dated: September 13, 2023    /s/ *Jameel Jaffer*
Jameel Jaffer (*Pro Hac Vice*)
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jameel.jaffer@knightcolumbia.org

*Counsel for Plaintiff*