UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 1:23-cv-783 |

**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO EXCEED PAGE LIMITS**

Defendants have filed a motion for leave to exceed page limits (ECF 28) ("Page-Limit Motion"), seeking leave to file a 37-page brief in support of their opposition to the Coalition's preliminary injunction motion. The Coalition respectfully urges the Court to deny Defendants' Page-Limit Motion and require Defendants to file a rule-compliant brief by the end of the day tomorrow.

First, Defendants have filed their Page-Limit Motion on the same day their brief in opposition to the Coalition's preliminary injunction motion is due. This should be determinative, particularly because Defendants do not offer any justification for delaying until the eleventh hour. Indeed, counsel for Defendants contacted counsel for the Coalition about this request 11 days ago, at 2:09 p.m. on October 12, demanding a response by 3:00 pm the following day. ECF 28-1 (Ex. A). Counsel for the Coalition responded in less than an hour. If Defendants were going to file a motion for leave to file an overlength brief, they should have filed it then, 11 days ago, on October 12.

Second, Defendants have plainly made no effort at all to comply with the standard page limitation. Defendants characterize their Page-Limit Motion as a request for a "short page-limit extension," Page-Limit Motion at 2, but the brief is 37 pages and the page limit is 20.

Third, it would be particularly unfair for the Court to grant Defendants' eleventh-hour motion because the Coalition complied with the standard page limitation when it filed its motion for a preliminary injunction. Further, the fact that Defendants have filed their Page-Limit Motion at the eleventh hour has effectively deprived the Coalition of the opportunity to request a corresponding extension in the length of their opposition to the motion to dismiss, which is also due today.

Fourth, in requesting the extension, Defendants provide a misleading characterization of what the Coalition filed with its 20-page motion for a preliminary injunction, asserting that the Coalition filed "156 pages' worth of declarations." Page-Limit Motion at 2. Defendants neglect to mention that 81 of those 156 pages comprise the curricula vitae of the declarants. In any event, it is not the case that a long declaration necessitates a long brief.

Fifth, Defendants do not actually need 37 pages to address the questions at issue here. As the Court knows, the parties are briefing the preliminary injunction motion simultaneously with Defendants' motion to dismiss. Even without Defendants' proposed extension, the parties were already going to file 100 pages of legal argument in advance of the November 15 hearing. This is more than sufficient to address the issues, particularly because the issues in the two motions—the motion to dismiss and the preliminary injunction motion—are overlapping. Indeed, Defendants' Page-Limit Motion acknowledges that Defendants' brief in opposition to the Coalition's preliminary injunction motion addresses sovereign immunity, standing, and the Coalition's First Amendment claim—the very same issues Defendants addressed in their motion to dismiss.

Finally, Defendants offer no serious argument in support of the Page-Limit Motion. Defendants' one-sentence justification for the motion is that they believe the Coalition is wrong about justiciability, standing, and the First Amendment. It hardly needs to be said that this is not a justification for exceeding the page limitation.

For all of these reasons, the Coalition respectfully urges the Court to deny the Defendants' Page-Limit Motion and require them to file a rule-compliant brief by the end of the day tomorrow.

Dated: October 23, 2023                                         Respectfully submitted,

/s/ *Peter B. Steffensen*                                       /s/ *Jameel Jaffer*

Peter B. Steffensen                                             Jameel Jaffer (*Pro Hac Vice*)
Texas Bar No. 24106464                                          Ramya Krishnan (*Pro Hac Vice*)
SMU Dedman School of Law First                                  Xiangnong Wang (*Pro Hac Vice*)
  Amendment Clinic                                              Knight First Amendment Institute
P.O. Box 750116                                                   at Columbia University
Dallas, TX 75275                                                475 Riverside Drive, Suite 302
(214) 768-4077                                                  New York, NY 10115
psteffensen@smu.edu                                             (646) 745-8500
                                                                jameel.jaffer@knightcolumbia.org

                                                                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Todd A. Dickerson

Office of the Attorney General of Texas

P.O. Box 12548-Capitol Station

Austin, TX 78701

| | |
|---|---|
| Dated: October 23, 2023 | /s/ *Jameel Jaffer* <br> Jameel Jaffer (*Pro Hac Vice*) <br> Knight First Amendment Institute <br>  at Columbia University <br> 475 Riverside Drive, Suite 302 <br> New York, NY 10115 <br> (646) 745-8500 <br> jameel.jaffer@knightcolumbia.org <br><br> *Counsel for Plaintiff* |