# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-783 |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff the Coalition for Independent Technology Research ("Coalition") respectfully submits this Notice to alert the Court to the Opinion and Order issued on November 30 by Judge Molloy of the U.S. District Court for the District of Montana in *Alario v. Knudsen* and *TikTok v. Knudsen*, Nos. CV 23-56-M-DWM, CV 23-61-M-DWM, 2023 WL 8270811 (D. Mont. Nov. 30, 2023), preliminarily enjoining Montana's TikTok ban. A copy of the Opinion and Order is attached as Exhibit A.

Particularly relevant to this case is Judge Molloy's discussion of the First Amendment, Ex. A at 11–31, which concludes that Montana cannot defend its ban's constitutionality on user-privacy (or "consumer interest") grounds when it has not offered evidence that the ban would further that interest, *id.* at 25–26; and that, in any event, the ban is not sufficiently tailored to any interest in protecting privacy because the state can advance this interest without imposing such a substantial burden on speech—*e.g.*, through privacy legislation, *id.* at 27–28, and because the state has not established that the ban will advance its interests in a "direct and material" way, *id.* at 28–30. On this last point, Judge Molloy observes that the ban fails to restrict data collection by

platforms other than TikTok, *id.* at 28–29, and that the Chinese government can collect data about Americans through many different means, including by purchasing the data from data brokers, *id.* at 29.

The application of Judge Molloy's reasoning to the issues before this Court is plain. While Texas, like Montana, has a legitimate interest in protecting individual privacy, it has not shown that restricting public university faculty's access to TikTok will advance that interest in a direct and material way. PI Br. 15–17, ECF No. 20; PI Reply 4–6, ECF No. 33. Indeed, the record in this case establishes that the ban will neither limit the collection of Texans' data by social media platforms other than TikTok, nor limit the collection of Texans' data by the Chinese government. The record also establishes that Texas can advance its legitimate interest in protecting privacy through means that would not impose such a significant burden on speech—*e.g.*, by strengthening the privacy legislation that Texas enacted last year, or by maintaining the ban as a general matter but allowing public university professors to access TikTok on dedicated networks and devices. PI Br. 17–18; PI Reply 6.

Accordingly, Texas's ban is unconstitutional as applied to public university professors for essentially the same reasons Judge Molloy found Montana's ban to be unconstitutional. Indeed, the conclusion follows even more clearly in this case because the standard of review here "resembles exacting scrutiny," rather than intermediate scrutiny, PI Br. 7 (quoting *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2472 (2018)), and because the record in this case establishes that Texas's ban is not merely ineffective but altogether counterproductive, PI Br. 17.

Dated: December 4, 2023

Respectfully submitted,

 /s/ *Peter B. Steffensen*
Peter B. Steffensen

 /s/ *Jameel Jaffer*
Jameel Jaffer (*Pro Hac Vice*)

Texas Bar No. 24106464
SMU Dedman School of Law First
  Amendment Clinic
P.O. Box 750116
Dallas, TX 75275
(214) 768-4077
psteffensen@smu.edu

Ramya Krishnan (*Pro Hac Vice*)
Xiangnong Wang (*Pro Hac Vice*)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jameel.jaffer@knightcolumbia.org

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 4th day of December, 2023, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

Todd A. Dickerson

Office of the Attorney General of Texas

P.O. Box 12548-Capitol Station

Austin, TX 78701


Dated: December 4, 2023                    /s/ *Jameel Jaffer*
                                        Jameel Jaffer (*Pro Hac Vice*)
                                        Knight First Amendment Institute
                                          at Columbia University
                                        475 Riverside Drive, Suite 302
                                        New York, NY 10115
                                        (646) 745-8500
                                        jameel.jaffer@knightcolumbia.org

                                        *Counsel for Plaintiff*