IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH, *Plaintiff*, | § § § § | |
| v. | § | No. 1:23-cv-00783 |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, *Defendants*. | § § § § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Coalition for Independent Technology Research asks this Court to consider Judge Molloy's recent decision in *Alario v. Knudsen*, which concerned Montana's full ban on TikTok.[1] *Alario* has little bearing here,[2] and it undercuts Coalition's claim against Texas's partial TikTok ban.

First, Coalition contended that Texas's partial ban is a prior restraint subject to an exacting level of review ("*NTEU* scrutiny") that is akin to strict scrutiny.[3] Yet *Alario* rejected the plaintiffs' argument that Montana's ban was a prior restraint subject to strict scrutiny.[4] Instead, *Alario* viewed Montana's ban as a time, place, and manner restriction subject to intermediate scrutiny.[5] *Alario* refutes Coalition's core argument; it confirms that *NTEU's* exacting prior-restraint scrutiny should not apply.

Second, Texas's partial TikTok ban triggers a far more lenient level of scrutiny than Montana's full ban. Texas's restriction is limited to state-owned devices and networks, which are nonpublic forums. It is well settled that First Amendment restrictions in nonpublic forums receive a

---

[1] *See* ECF 36.
[2] *See* ECF 36-1, 48 ("Notably, neither party takes issue with the Governor's mandate that TikTok is banned from all state computers.").
[3] *See* ECF 20, 10–23. ECF 33, 6–11.
[4] ECF 36-1, 21–22.
[5] *Id.* at 20.

"reasonableness" review. Montana, in contrast, enacted a full ban that applied regardless of the forum involved. Thus, Montana's ban was not subject to a reasonableness review.

Third, the *Alario* court repeatedly complained about the fact that Montana's ban shut down TikTok across the state.[6] Indeed, the court's "narrow tailoring" and "alternative channels" analyses largely turn on the fact that Montana residents had no viable way to use TikTok due to the ban's scope. But Texas's ban only covers state employees, and even they can still use TikTok on their personal devices so long as they do not also use those devices to connect to state networks (which is not an employment requirement). Coalition's entire case rests on the unsupported notion that university professors (1) do not already own personal devices (like laptops) on which they can continue using TikTok and (2) cannot afford the approximately $50 it would take to purchase such a personal device.[7] The same cannot be said of the *Alario* plaintiffs' claims given the breadth of Montana's ban.

Fourth, *Alario* found that Montana did not have a viable interest in protecting residents from Chinese-sponsored cyberattacks, calling this a foreign policy issue reserved to the federal government.[8] The court also did not analyze whether Montana's ban was narrowly tailored to this interest.[9] The merits of *Alario's* conclusion aside, the court did not reach one of the issues presented here: Does Texas have a viable interest in protecting its *employees and networks* from foreign cyberattackers?

Extending *Alario's* analysis to the case here carries obvious legal and practical problems. To begin, it would infringe on federalism principles inherent to our system of government—states would be powerless to protect their infrastructure and employees from foreign threats, even when they act in line with federal policy (as Texas did here). Also, it would dismantle current state-level protections

---

[6] *See id.* at 27–32.
[7] *See* ECF 32, 15.
[8] *See* ECF 36-1, 23–27.
[9] *See id.* at 27.

against hackers, which guard against threats both domestic and foreign.[10] Further, it would force the federal government to micromanage the cybersecurity defenses of thousands of state agencies, with no indication that the federal government has the resources or desire to undertake such a gargantuan task.

Fifth, *Alario's* deference to federal policy ultimately supports the reasonableness of Texas's partial ban. The *Alario* court seemingly thought that Montana acted unreasonably when it enacted a broader ban than what the federal government believes is required. Maybe so. But it is equally unreasonable for a court to reject the federal government's conclusion that China's ability to exploit TikTok is at least concerning enough to justify restrictions at the level of government-owned devices and networks. Coalition's argument falls apart on this point; it requires this Court to presume that the U.S. government and many others are acting irrationally on the China/TikTok issue, without any meaningful evidence to support such a conclusion.

Sixth, *Alario* noted that China could gather data on Montanans in ways other than TikTok, such as by purchasing it from data brokers, conducing open-source intelligence gathering, and hacking the state directly.[11] Given these alternatives, *Alario* said it was "not clear" that Montana's full ban would protect its residents from a Chinese-sponsored cyberattack.[12] Yet a speech restriction in a nonpublic forum need only be "reasonable" to be constitutional, and the government is not required to "wait until havoc is wreaked to restrict access" in this context.[13] Put differently, the Supreme Court has not required a government to show a "clear" reduction of harm before it regulates speech in a nonpublic forum, and this Court should not either.

---

[10] *See* ECF 31-2, 3–4 (wherein UNT's Chief Information Security Officer explains that UNT has to defend against approximately 75,000 networks attacks each day, some of which are coming from foreign governments).
[11] ECF 36-1, 30.
[12] *Id.*
[13] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 810 (1985).

There are other problems with *Alario's* analysis on this point. *Alario* does not suggest that the Chinese government can access *all* data retained by TikTok on the black market, including user passwords, financial information, and personal messages. And if TikTok was hemorrhaging such sensitive data, this itself would be a significant concern warranting swift remedial measures. Another issue is that TikTok could give the Chinese government access to users' microphones and cameras—effectively turning a user into a walking, talking eavesdropping device.[14] *Alario* did not address this issue, even though the court admitted that the Chinese government (1) has reason to spy on foreign adversaries and (2) likely hacked the U.S. Office of Personnel Management in the past.[15] Is it really that unreasonable to believe that the Chinese government would use its newfound ability—unprecedented in human history—to eavesdrop on the many state and federal employees who access TikTok on a regular basis?

Finally, *Alario* found that the Northern District of California's *WeChat* decision provided "some guidance" on the constitutionality of Montana's ban.[16] But in *WeChat*, the court noted that a limited ban on government devices was the "obvious alternative" to a full ban.[17] Texas did not violate the constitution when it enacted this "obvious alternative." And nothing in *Alario* meaningfully suggests otherwise.

Date: December 5, 2023               Respectfully Submitted.

                                     KEN PAXTON
                                     Attorney General of Texas

                                     BRENT WEBSTER
                                     First Assistant Attorney General

                                     GRANT DORFMAN
                                     Deputy First Assistant Attorney General

---

[14] *See* ECF 31-1, 2.
[15] *See* ECF 36-1, 30.
[16] *See id.* at 21–22.
[17] *See U.S. WeChat Users All. v. Trump*, 488 F. Supp. 3d 912, 927 (N.D. Cal. 2020).

>JAMES LLYOD
>Deputy Attorney General for Civil Litigation
>
>KIMBERLY GDULA
>Chief, General Litigation Division
>
>*/s/ Todd Dickerson*
>TODD A. DICKERSON
>Attorney-in-Charge
>Texas Bar No. 24118368
>Todd.Dickerson@oag.texas.gov
>Assistant Attorney General
>Office of the Attorney General
>P.O. Box 12548-Capitol Station
>Austin, Texas 78711-2548
>Tel.: (512) 463-2120
>Fax: (512) 320-0667
>**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2023, a true and correct copy of the foregoing instrument has been served electronically through the electronic-filing manager to:

Peter B. Steffensen
SMU Dedman School of Law
First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275
(214) 768-4077
psteffensen@smu.edu

Jameel Jaffer
Ramya Krishnan
Stacy Livingston
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jameel.jaffer@knightcolumbia.org
*Counsel for Plaintiff*

>*/s/ Todd Dickerson*